IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

ASPEN SPECIALTY INSURANCE COMPANY                6:19-CV-01199

VERSUS

FOREST RIVER RV, INC.,
MICHAEL DEWAYNE MARKS,                           MAGISTRATE
MIKELL MARKS, PROGRESSIVE SECURITY INS. CO.,     JUDGE MICHAEL J. JUNEAU
AND AMERICAN WESTERN HOME INS.
*********************************************************************
## JOINT RESPONSE TO COMPLAINT

NOW INTO COURT, through undersigned counsel, come PROGRESSIVE SECURITY

INSURANCE COMPANY ("Progressive"), AMERICAN WESTERN HOME INSURANCE

COMPANY ("American Western"), and MICHAEL DEWAYNE MARKS and MIKELL

MARKS (the "Marks"), sought to be made defendants in the above entitled and numbered cause,

which respond to the "Complaint" of ASPEN SPECIALTY INSURANCE COMPANY

("Aspen"), as follows:

### FIRST DEFENSE

This Court should abstain from deciding any issues related to whether the Aspen policy

provides coverage to the Marks, Progressive, or American Western, for the liability of Forest River

RV, Inc. by dismissing this suit and allowing the parties to litigate all coverage issues in the three

consolidated cases presently pending in the 27th Judicial District Court for the Parish of St. Landry,

State of Louisiana.

### SECOND DEFENSE

Plaintiff fails to state a claim upon which relief can be granted and should be dismissed.

1

**THIRD DEFENSE**

Alternatively, Aspen's suit is premature as no judgment has been rendered against it and in favor of the Marks, Progressive, or American Western.

**FOURTH DEFENSE**

Subject to the First, Second, and Third Defenses, the Marks, Progressive, and American Western answer the complaint of Aspen by denying each and every allegation contained therein except as may hereafter be admitted.

1.

Paragraph 1 of the Complaint does not require an answer by these defendants except to say this court should abstain from making any ruling with regard to liability insurance coverage in suits for damages pending in another court.

2.

Paragraph 2 of the Complaint is denied for lack of sufficient information to justify a belief as to the truth thereof.

3.

Paragraph 3 of the Complaint is admitted upon information and belief.

4.

Paragraph 4 of the Complaint is admitted to the extent Michael Dwayne Marks is a citizen of the State of Louisiana and is domiciled in St. Landry Parish; otherwise the balance of the paragraph does not require an answer.

5.

Paragraph 5 of the Complaint is admitted to the extent Mikell Marks is a citizen of the State of Louisiana and is domiciled in St. Landry Parish; otherwise the balance of the

2

paragraph does not require an answer.

6.

Paragraph 6 of the Complaint is admitted to the extent Progressive is incorporated in the State of Louisiana, and its principal place of business is in Ohio.

7.

Paragraph 7 of the Complaint is admitted to the extent American Western is incorporated in the State of Oklahoma, and its principal place is in Oklahoma.

8.

Paragraph 8 of the Complaint is a legal conclusion and does not require an answer; to the extent it does, please see First and Second Defenses above.

9.

Paragraph 9 of the Complaint is a legal conclusion and does not require an answer; to the extent it does, please see First and Second Defenses above.

10.

Paragraph 10 of the Complaint is denied for lack of sufficient information as to where the alleged late notice and prejudice alleged by Aspen is alleged to have taken place.

11.

Paragraph 11 of the Complaint is admitted.

12.

It is admitted Forest River RV, Inc. was sued by these Defendants for damages arising out of the fire in question and that Forest River has filed responsive pleadings, all of which occurred prior to July 2019.

13.

Paragraphs 13, 14, 15, and 16 of the Complaint are admitted, except to the extent that American Western suggests that its suit was also filed on November 7, 2016. Further answering, it is admitted these three suits were consolidated and are presently pending before the Honorable Judge Alonzo Harris of the 27th Judicial District Court, Parish of St. Landry, State of Louisiana.

14.

Paragraph 17 of the Complaint does not require an answer since it is blank.

15.

Paragraphs 18 and 19 of the Complaint are admitted.

16.

Paragraphs 20, 21, 22, and 23 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

17.

Paragraphs 24 through 39 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

18.

Paragraph 40 of the Complaint are denied for lack of sufficient information as to whether Exhibit E is in fact a true and correct complete copy of Aspen policy No. CR0028D15; however, it is admitted that Aspen has issued to Forest River a policy of liability insurance which appears to have been in full force and effect at the time of the fire in question.

19.

Paragraphs 41 through 51 of the Complaint do not require an answer since the Aspen policy, as a written instrument, is the best evidence of its terms, provisions, limits, exclusions and

4

contents.

20.

Paragraphs 52, 69, and 89 of the Complaint are admitted.

21.

Paragraphs 53, 70, and 90 of the Complaint are admitted to the extent the three pending lawsuits are in fact lawsuits and, in the event Forest River is found to be liable to the Marks, Progressive, and American Western, then there is coverage under the Aspen policy.

22.

Paragraphs 54 through 62 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

23.

Paragraphs 63 through 68 and 71 through 79 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

24.

Paragraphs 80 through 82 of the Complaint are denied to the extent a breach of contract by Forest River voids the liability insurance coverage available to the Marks, Progressive, and American Western, for Forest River's legal liabilities arising out of the fire in question and their defective products.

25.

Paragraphs 83 through 88 and 91 through 97 of the Complaint are denied for lack of sufficient information to justify a belief as to the truth thereof.

26.

Paragraph 98 of the Complaint is denied.

27.

Paragraph 99 of the Complaint is a legal conclusion and does not require an answer; to the extent it does, please see First and Second Defenses above.

WHEREFORE, Defendants pray that their Response to the Complaint be deemed good and sufficient and, after due proceedings are had, that plaintiff's suit be dismissed, at plaintiff's cost, and that Judgment be rendered in favor of defendants and that Plaintiff be condemned to pay all costs of these proceedings.

RESPECTFULLY SUBMITTED:

By: /s/ Patrick J. Briney
    PATRICK J. BRINEY (#03467)
    MICHAEL P. CORRY, SR. (#20764)
    Briney Foret Corry, LLP
    413 Travis Street, Suite 200
    Post Office Drawer 51367
    Lafayette, LA 70505-1367
    Telephone:  (337) 237-4070
    Facsimile:  (337) 233-8719
ATTORNEYS FOR DEFENDANTS, PROGRESSIVE SECURITY INSURANCE COMPANY and MICHAEL DEWAYNE MARKS AND MIKELL MARKS

and

/s/ Blaine T. Aydell
W. Ransom Pipes (LA Bar No. 17748)
Blaine T. Aydell (LA Bar No. 34430)
**Hannah, Colvin & Pipes, LLP**
10626 Timberlake Drive
Baton Rouge, LA 70810
Telephone: (225) 766-8240
Facsimile: (225) 766-5546
E-mail: wrpipes@hcpllp.com
    baydell@hcpllp.com
ATTORNEYS FOR DEFENDANT, AMERICAN WESTERN HOME INSURANCE COMPANY

6

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2019 a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system. I also certify that I have mailed this filing by United States Postal Service to all counsel of record who are not registered to receive electronic service by operation of the court's electronic filing system.

By: /s/ Patrick J. Briney
     PATRICK J. BRINEY (#03467)