**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION**

| | |
|---|---|
| **ASPEN SPECIALTY INSURANCE COMPANY** | **CIVIL ACTION NO. 6:19-CV-01199** |
| **VERSUS** | **JUDGE MICHAEL J. JUNEAU** |
| **FOREST RIVER RV, INC., MICHAEL DEWAYNE MARKS, MIKELL MARKS, PROGRESSIVE SECURITY INS. CO., AND AMERICAN WESTERN HOME INS.** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

**ANSWER WITH AFFIRMATIVE DEFENSES**

Now into Court, through undersigned counsel, comes Forest River, Inc., erroneously referred to in the complaint as "Forest River RV, Inc.," which in answer with affirmative defenses to the complaint in these proceedings states as follows:

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

Aspen's claims, particularly those seeking damages for breach of contract or breach of a duty of good faith, fail to state a claim upon which relief can be granted.

**Second Affirmative Defense**

The Court should abstain from deciding any issues raised by Aspen in its complaint because those issues will be decided in an ongoing state action, and for the other reasons more fully stated in Forest River's motion to dismiss.

**Third Affirmative Defense**

Aspen's claims are barred, in whole or in part, by the doctrine of unclean hands.

**Fourth Affirmative Defense**

At all relevant times, Forest River complied with all applicable policy provisions.

**Fifth Affirmative Defense**

Aspen's claims are barred, in whole or in part, by the doctrines of abandonment, estoppel and/or waiver.

**Sixth Affirmative Defense**

Aspen's claims are barred, in whole or in part, as a result of not having sustained prejudice by any alleged delay in Forest River's notice of occurrences, claims or lawsuits under the policy, though at all times any such delay in providing notice is denied.

**Seventh Affirmative Defense**

Aspen has failed to mitigate its damages, though at all times it is denied that Aspen sustained any damages.

**Eighth Affirmative Defense**

Forest River realleges its motion to strike that the allegations in the complaint regarding a Missouri accident and lawsuit are immaterial and should be stricken.

**Ninth Affirmative Defense**

Forest River reserves the right to assert additional affirmative defenses based on further investigation and discovery.

**Tenth Defense**

In answer to the specific allegations of the complaint, defendant Forest River states:

**1.**

The allegations contained in paragraph 1 of the complaint contain legal conclusions, statements of purpose, desired litigation outcomes, or other characterizations to which no answer is required. To the extent any allegation in paragraph 1 of the complaint contains a material allegation against Forest River, such allegation is denied.

**2.**

Forest River admits the allegations contained in paragraph 2 of the complaint.

**3.**

Forest River admits the allegations contained in paragraph 3 of the complaint.

**4.**

The allegations contained in paragraph 4 of the complaint contain statements of purpose, desired litigation outcomes, or other characterizations to which no answer is required. To the extent the paragraph contains a material allegation against Forest River, such allegation is denied. Forest River lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 of the complaint, and therefore denies those allegations.

**5.**

The allegations contained in paragraph 5 of the complaint contain statements of purpose, desired litigation outcomes, or other characterizations to which no answer is required. To the extent the paragraph contains a material allegation against Forest River, such allegation is denied. Forest River lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 of the complaint, and therefore denies those allegations.

**6.**

The allegations contained in paragraph 6 of the complaint contain statements of purpose, desired litigation outcomes, or other characterizations to which no answer is required. To the extent the paragraph contains a material allegation against Forest River, such allegation is denied. Forest River lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 of the complaint, and therefore denies those allegations.

**7.**

The allegations contained in paragraph 7 of the complaint contain statements of purpose, desired litigation outcomes, or other characterizations to which no answer is required. To the extent the paragraph contains a material allegation against Forest River, such allegation is denied. Forest River lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 of the complaint, and therefore denies those allegations.

**8.**

Forest River admits the allegations contained in paragraph 8 of the complaint.

**9.**

Forest River admits the allegations contained in paragraph 9 of the complaint.

**10.**

Forest River admits the allegations contained in paragraph 10 of the complaint.

**11.**

Forest River admits the allegations contained in paragraph 11 of the complaint.

**12.**

Forest River admits the allegations contained in paragraph 12 of the complaint.

**13.**

Forest River admits the allegations contained in paragraph 13 of the complaint.

**14.**

Forest River admits the allegations contained in paragraph 14 of the complaint.

**15.**

Forest River admits the allegations contained in paragraph 15 of the complaint.

**16.**

Forest River admits the allegations contained in paragraph 16 of the complaint.

**17.**

Paragraph 17 of the complaint contains no allegation; therefore, Forest River offers no response.

**18.**

Forest River admits the allegations contained in paragraph 18 of the complaint.

**19.**

Forest River lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the complaint, and therefore denies those allegations.

**20.**

Forest River denies the allegations contained in paragraph 20 of the complaint.

**21.**

Forest River denies the allegations contained in paragraph 21 of the complaint.

**22.**

Forest River denies the allegations contained in paragraph 22 of the complaint.

**23.**

Forest River denies the allegations contained in paragraph 23 of the complaint.

**24.**

Forest River admits the allegations contained in paragraph 24 of the complaint.

**25.**

Forest River admits the allegations contained in paragraph 25 of the complaint.

**26.**

Forest River admits the allegations contained in paragraph 26 of the complaint.

**27.**

Forest River admits the allegations contained in paragraph 27 of the complaint.

**28.**

Forest River admits the allegations contained in paragraph 28 of the complaint.

**29.**

Forest River admits the allegations contained in paragraph 29 of the complaint.

**30.**

Forest River lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the complaint, and therefore denies those allegations.

**31.**

Forest River's answer speaks for itself. Forest River denies the remaining inferences Aspen seeks to draw from the allegations in paragraph 31 of the complaint.

**32.**

Forest River admits the allegations contained in paragraph 32 of the complaint.

**33.**

Forest River admits the allegations contained in paragraph 33 of the complaint.

**34.**

Forest River admits the allegations contained in paragraph 34 of the complaint.

**35.**

Forest River admits the allegations contained in paragraph 35 of the complaint.

**36.**

Forest River denies the allegations contained in paragraph 36 of the complaint.

**37.**

Forest River denies the allegations contained in paragraph 37 of the complaint.

**38.**

Forest River denies the allegations contained in paragraph 38 of the complaint.

**39.**

Forest River denies the allegations contained in paragraph 39 of the complaint.

**40.**

Forest River admits the allegations contained in paragraph 40 of the complaint.

**41.**

Forest River admits the allegations contained in paragraph 41 of the complaint.

**42.**

Forest River admits the allegations contained in paragraph 42 of the complaint.

**43.**

Forest River admits the allegations contained in paragraph 43 of the complaint.

**44.**

Forest River states that the endorsement speaks for itself. The quoted language omits certain provisions of the self-insured retention endorsement with trailing SIR, endorsement number ASPGL413 1114, so that Forest River cannot admit the allegations contained in paragraph 44 of the complaint and therefore demands strict proof thereof.

**45.**

Forest River admits the allegations contained in paragraph 45 of the complaint.

**46.**

Forest River repeats and realleges its responses to the allegations in paragraphs 1 through 44 as though fully stated herein.

**47.**

The policy identified in paragraph 47 of the complaint speaks for itself. The remaining allegations contained in paragraph 47 of the complaint, including whether something qualifies as a "condition precedent," calls for legal conclusions to which no response is necessary. To the extent a response is required of Forest River, it lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

**48.**

The policy identified in paragraph 48 of the complaint speaks for itself. The remaining allegations contained in paragraph 48 of the complaint, including whether something qualifies as a "condition precedent," calls for legal conclusions to which no response is necessary. To the extent a response is required of Forest River, it lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore it denies those allegations.

**49.**

The policy identified in paragraph 49 of the complaint speaks for itself.

**50.**

The policy identified in paragraph 50 of the complaint speaks for itself. The remaining allegations contained in paragraph 50 of the complaint, including whether something qualifies as a "condition precedent," call for legal conclusions to which no response is necessary. To the extent a response is required of Forest River, it lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore it denies those allegations.

**51.**

The policy identified in paragraph 51 of the complaint speaks for itself. The remaining allegations contained in paragraph 51 of the complaint call for legal conclusions to which no response is necessary. To the extent a response is required of Forest River, it lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore it denies those allegations.

**52.**

Forest River admits the allegations contained in paragraph 52 of the complaint.

**53.**

Forest River admits the allegations contained in paragraph 53 of the complaint.

**54.**

Forest River admits the allegations contained in paragraph 54 of the complaint.

**55.**

Forest River denies the allegations contained in paragraph 55 of the complaint.

**56.**

Forest River admits the allegations contained in paragraph 56 of the complaint.

**57.**

Forest River admits the allegations contained in paragraph 57 of the complaint.

**58.**

Forest River admits the allegations contained in paragraph 58 of the complaint.

**59.**

Forest River denies the allegations contained in paragraph 59 of the complaint.

**60.**

Forest River denies the allegations contained in paragraph 60 of the complaint.

**61.**

Forest River denies the allegations contained in paragraph 61 of the complaint.

**62.**

Forest River denies the allegations contained in Paragraph 62 of the complaint.

**63.**

Forest River repeats and realleges its responses to the allegations in paragraphs 1 through 44 of the complaint as though fully stated herein.

**64.**

The policy identified in paragraph 64 of the complaint speaks for itself. The remaining allegations contained in paragraph 64 of the complaint, including whether something qualifies as a "condition precedent," call for legal conclusions to which no response is necessary. To the extent a response is required of Forest River, it lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

**65.**

The policy identified in paragraph 65 of the complaint speaks for itself. The remaining allegations contained in paragraph 65 of the complaint, including whether something qualifies as a "condition precedent," call for legal conclusions to which no response is necessary. To the extent a response is required of Forest River, it lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

**66.**

The policy identified in paragraph 66 of the complaint speaks for itself.

**67.**

The policy identified in paragraph 67 of the complaint speaks for itself. The remaining allegations contained in paragraph 67 of the complaint, including whether something qualifies as a "condition precedent," call for legal conclusions to which no response is necessary. To the extent a response is required of Forest River, it lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

**68.**

The policy identified in paragraph 68 of the complaint speaks for itself. The remaining allegations contained in paragraph 68 of the complaint call for legal conclusions to which no response is necessary. To the extent a response is required of Forest River, it lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those alegations.

**69.**

Forest River admits the allegations contained in paragraph 69 of the complaint.

**70.**

Forest River admits the allegations contained in paragraph 70 of the complaint.

**71.**

Forest River admits the allegations contained in paragraph 71 of the complaint.

**72.**

Forest River denies the allegations contained in paragraph 72 of the complaint.

**73.**

Forest River admits the allegations contained in paragraph 73 of the complaint.

**74.**

Forest River admits the allegations contained in paragraph 74 of the complaint.

**75.**

Forest River admits the allegations contained in paragraph 75 of the complaint.

**76.**

Forest River denies the allegations contained in paragraph 76 of the complaint.

**77.**

Forest River denies the allegations contained in paragraph 77 of the complaint.

**78.**

Forest River denies the allegations contained in paragraph 78 of the complaint.

**79.**

Forest River denies the allegations contained in paragraph 79 of the complaint.

**80.**

Forest River denies the allegations contained in paragraph 80 of the complaint.

**81.**

Forest River denies the allegations contained in paragraph 81 of the complaint.

**82.**

Forest River denies the allegations contained in paragraph 82 of the complaint.

**83.**

Forest River repeats and realleges its responses to the allegations contained in paragraphs 1 through 22 and 39 through 44 of the complaint as if fully set forth herein.

**84.**

The policy identified in paragraph 84 of the complaint speaks for itself. The remaining allegations contained in paragraph 84 of the complaint, including whether something qualifies as a "condition precedent," call for legal conclusions to which no response is necessary. To the extent a response is required of Forest River, it lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

**85.**

The policy identified in paragraph 85 of the complaint speaks for itself. The remaining allegations contained in paragraph 85 of the complaint, including whether something qualifies as a "condition precedent," call for legal conclusions to which no response is necessary. To the extent a response is required of Forest River, it lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

**86.**

The policy identified in paragraph 86 of the complaint speaks for itself.

**87.**

The policy identified in paragraph 87 of the complaint speaks for itself. The remaining allegations contained in paragraph 87 of the complaint, including whether something qualifies as a "condition precedent," call for legal conclusions to which no response is necessary. To the extent a response is required of Forest River, it lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

**88.**

The policy identified in paragraph 88 of the complaint speaks for itself.

**89.**

The allegations contained in paragraph 89 of the complaint are admitted.

**90.**

The allegations contained in paragraph 90 of the complaint are admitted.

**91.**

Forest River admits the allegations contained in paragraph 91 of the complaint.

**92.**

Forest River denies the allegations contained in paragraph 92 of the complaint.

**93.**

Forest River denies the allegations contained in paragraph 93 of the complaint.

**94.**

Forest River denies the allegations and legal conclusions contained in paragraph 94 of the complaint.

**95.**

Forest River denies the allegations and legal conclusions contained in paragraph 95 of the complaint.

**96.**

Forest River denies the allegations and legal conclusions contained in paragraph 96 of the complaint.

**97.**

Forest River denies the allegations and legal conclusions contained in paragraph 97 of the complaint.

**98.**

Forest River denies the allegations and legal conclusions contained in paragraph 98 of the complaint.

**99.**

Forest River denies as written the allegations contained in paragraph 99 of the complaint, for the reasons stated in its motion to dismiss the Aspen action.

**100.**

All other allegations in the complaint, including all prayers, not otherwise specifically responded to, are denied.

**101.**

Forest River requests a trial by jury as to all issues.

Wherefore, Forest River prays that its answer to the complaint be deemed good and sufficient, and after due proceedings are had, that plaintiff's suit be dismissed at plaintiff's cost, and that judgment be rendered in favor of defendant with plaintiff paying all costs of these proceedings.

ONEBANE LAW FIRM

BY: s/Richard J. Petre, Jr.
Richard J. Petre, Jr. (#10481)
1200 Camellia Boulevard (70508)
Suite 300
Post Office Box 3507
Lafayette, LA 70502-3507
(337) 237-2660
Attorneys for Forest River, Inc.

**CERTIFICATE**

I HEREBY CERTIFY that an original of the foregoing has been forwarded by Electronic Notice as allowed by law and/or by depositing a copy of same in the United States Mail, postage prepaid and properly addressed to all counsel and parties of record.

Lafayette, Louisiana this 26th day of November, 2019.

s/Richard J. Petre, Jr.
RICHARD J. PETRE, JR. (#10481)